**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| SIGNAL, LLP,<br><br>      Plaintiff,<br><br>v.<br><br>RENESAS ELECTRONICS<br>CORPORATION,<br><br>      Defendant. | CIVIL ACTION NO. 2:26-cv-93<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

1.     Plaintiff Signal, LLP ("Signal" or "Plaintiff") files this Complaint against

Defendant Renesas Electronics Corporation ("Renesas" or "Defendant") and alleges as follows:

## NATURE OF THE ACTION

2.     This is a civil action seeking damages and other relief arising out of Defendant's

infringement of Plaintiff's United States Patent Nos. 8,610,459 ("'459 Patent"); 8,947,962 ("'962

Patent"); 9,092,352 ("'352 Patent"); 10,056,902 ("'902 Patent"); and 10,115,439 ("'439 Patent")

(collectively, the "Asserted Patents").

## INTRODUCTION

3.     Signal owns all right, title, and interest in the Asserted Patents, including the right

to recover damages for past, present, and future infringement of the Asserted Patents. On

September 29, 2025, the Asserted Patents were assigned to Signal by Rambus, Inc. ("Rambus"),

a leading American semiconductor company. On or before April 1, 2010, Rambus and Defendant

Renesas, a leading Japanese semiconductor company specializing in embedded systems, entered

into a Patent License Agreement under which Defendant Renesas paid royalties to Rambus in

exchange for a license to practice certain Rambus patents including the Asserted Patents and patent family members of the Asserted Patents. Defendant Renesas renewed and amended this agreement with Rambus until an April 1, 2015 Patent License Agreement[1], which ran for term until March 31, 2020. Prior to and immediately following the March 2020 expiration of the 2015 Patent License Agreement, Rambus made repeated good faith attempts to contact Renesas and negotiate renewal of the long-standing license. Defendant Renesas refused—and in many cases outright ignored—all renewal offers from Rambus. However, Defendant Renesas continued, and continues today, to knowingly practice the Asserted Patents without license.

4.      No later than June 4, 2021, Rambus presented Defendant Renesas with a "Notice of Patent Infringement" (the "2021 Notice") specifically identifying a list of "Patents Infringed by Renesas," the corresponding infringing "Renesas Products," and the related technology underlying the infringement. This patent list included all of the Asserted Patents in this action. The 2021 Notice charged Defendant Renesas with infringement on an Asserted Patent-by-Asserted Patent, product-by-product, and memory interface-by-memory interface basis, leaving no ambiguity. The 2021 Notice identified specific products, by model number, including the Accused Products (defined below) then-available. The 2021 Infringement Notice further identified infringing "Renesas Products" by technology category (*e.g.*, "LPDDR4"), providing Renesas with notice that its relevant Accused Products released after the 2021 Notice also infringe the Asserted Patents.

5.      Since the March 2020 expiration of the 2015 Patent License Agreement, Defendant Renesas' annual revenue and gross profits have more than doubled, all while Renesas

---

[1] *See, e.g.*, https://www.rambus.com/rambus-and-renesas-electronics-renew-license-agreement

has knowingly continued to exploit the patented technology without authorization or compensation to Plaintiff or its predecessor-in-interest.

6.      As explained herein, Defendant Renesas' infringement of the Asserted Patents since as early as March 31, 2020 and no later than the June 4, 2021 Notice, has been knowing, willful, and in conscious disregard of the patent rights in the Asserted Patents.

## THE PARTIES

7.      Plaintiff Signal is a limited liability partnership organized and existing under the laws of the State of Nevada with a registered address at 1468 James Rd., Gardnerville, NV 89460.

8.      On information and belief, Defendant Renesas Electronics Corporation is a foreign corporation organized and existing under the laws of Japan with a place of business at Toyosu Foresia, 3-2-24 Toyosu, Koto-ku, Tokyo 135-0061, Japan.

9.      Defendant Renesas is engaged in making, using, selling, offering for sale, and/or importing products, such as semiconductors, integrated circuits, MCUs, MPUs, and SoCs, to and throughout the United States, including this District. Defendant Renesas also induces its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, and customers in the making, using, selling, offering for sale, and/or importing such products to and throughout the United States, including this District. To this end, Defendant Renesas and its foreign and U.S.-based subsidiaries—which act together as part of Defendant Renesas' global network of sales and manufacturing emissaries—have operated as agents of and for one another and have otherwise acted vicariously for Defendant Renesas as elements of the same business group and/or enterprise. Indeed, they work in concert and in orchestrated fashion, subject to agreements that

are far nearer than arm's length, in order to implement a distribution channel of infringing products within this District and the United States.

10.     Defendant Renesas maintains a substantial corporate presence in the United States via at least its U.S.-based sales subsidiaries, including Renesas Electronics America Inc. ("REA"). REA is a corporation organized under the laws of the State of California, having a principal place of business at 6024 Silver Creek Valley Road, San Jose, California 95138. REA is a wholly-owned subsidiary of Defendant Renesas. REA is responsible for Defendant Renesas' domestic sales, offers for sale, importation, marketing, and support in North America. REA is Defendant Renesas' agent, operating at Defendant Renesas' direction and control. Subject to such direction and control, Defendant Renesas' U.S.-based sales subsidiaries including, REA, import and sell infringing products, such as semiconductors, integrated circuits, MCUs, MPUs, and SoCs, in the United States and this District.

11.     Alone and through at least the activities of its U.S.-based sales subsidiaries (e.g., REA), Defendant Renesas conducts business in the United States and this District, including importing, distributing, and selling semiconductors, integrated circuits, MCUs, MPUs, and SoCs that incorporate devices, systems, and processes that infringe the Asserted Patents. *See Trois v. Apple Tree Auction Center, Inc.,* 882 F.3d 485, 490 (5th Cir. 2018) ("A defendant may be subject to personal jurisdiction because of the activities of its agent within the forum state…."); *see also Cephalon, Inc. v. Watson Pharmaceuticals, Inc.*, 629 F. Supp. 2d 338, 348 (D. Del. 2009) ("The agency theory may be applied not only to parents and subsidiaries, but also to companies that are 'two arms of the same business group,' operate in concert with each other, and enter into agreements with each other that are nearer than arm's length.").

12.     Through importation, offers to sell, sales, distributions, and related agreements to transfer ownership of Defendant Renesas' products (e.g., semiconductors, integrated circuits, MCUs, MPUs, and SoCs) with distributors and customers operating in and maintaining significant business presences in the United States, Renesas conducts extensive business in the United States, this State, and this District.

## JURISDICTION AND VENUE

13.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq., including §§ 271, 281, 284, and 285. This Court has jurisdiction over this action pursuant to at least 28 U.S.C. § 1331 (Federal Question).

14.     This Court has specific and personal jurisdiction over Defendant Renesas consistent with the requirements of the Due Process Clause of the United States Constitution and Texas Longarm Statute. On information and belief, Defendant Renesas (i) has done and continues to do business in Texas, and (ii) has committed and continues to commit, directly or through intermediaries (including subsidiaries, distributors, affiliates, retailers, suppliers, integrators, customers, and others), acts of patent infringement in this State. Such acts of infringement include making, using, offering to sell, and/or selling Accused Products (as more particularly identified and described throughout this Complaint, below) in this State and this District and/or importing Accused Products into this State and/or inducing others to commit acts of patent infringement in this State. Indeed, Defendant Renesas has purposefully and voluntarily placed, and is continuing to place, one or more Accused Products into the stream of commerce through established distribution channels (including the Internet) with the expectation and intent that such products will be sold to and purchased by consumers in the United States, this State, and this District; and with the knowledge and expectation that such products (whether in

standalone form or as integrated in downstream products) will be imported into the United States, this State, and this District.

15.     Defendant Renesas has derived substantial revenues from its infringing acts occurring within this State and this District. It has substantial business in this State and this District, including: (i) at least part of its infringing activities alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from infringing goods offered for sale, sold, and imported, and services provided to Texas residents vicariously through and/or in concert with its alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers.

16.     This Court has specific and personal jurisdiction over the Defendant Renesas directly or through intermediaries (e.g., subsidiaries, distributors, affiliates, retailers, suppliers, integrators, customers, and others), including its U.S.-based sales subsidiaries, e.g., REA. Through direction and control of such subsidiaries, Defendant Renesas has committed acts of direct and/or indirect patent infringement within this State and elsewhere within the United States giving rise to this action and/or has established minimum contacts with this forum such that the exercise of personal jurisdiction over Defendant Renesas would not offend traditional notions of fair play and substantial justice. REA is a wholly-owned subsidiary of Defendant Renesas. The primary business of REA is the marketing, support, and sale of Defendant Renesas' electronic products in the United States. Upon information and belief, Defendant Renesas compensates REA for marketing, support, and sales services in the United States. As such, Defendant Renesas has a direct financial interest in its U.S.-based subsidiaries, and vice versa.

17.     Defendant Renesas controls and otherwise directs and authorizes all activities of its U.S.-based sales subsidiaries, including REA. Such directed and authorized activities include,

the U.S.-based subsidiaries using, offering for sale, selling, and/or importing the Accused

Products, their components, and/or products containing the same that incorporate and/or perform

the fundamental technologies covered by the Asserted Patents. Defendant Renesas' U.S.-based

sales subsidiaries (including REA), are expressly authorized to import, distribute, offer to sell,

and sell the Accused Products on behalf of Defendant Renesas. For example, Defendant Renesas

researches, designs, develops, and manufactures semiconductors, integrated circuits, MCUs,

MPUs, and SoCs, and then directs its U.S.-based sales subsidiaries to import, distribute, offer for

sale, and sell the Accused Products in the United States. *See, e.g., United States v. Hui Hsiung*,

778 F.3d 738, 743 (9th Cir. 2015) (finding that the sale of infringing products to third parties

rather than for direct import into the U.S. did not "place [defendants'] conduct beyond the reach

of United States law [or] escape culpability under the rubric of extraterritoriality"). Defendant

Renesas' U.S.-based sales subsidiaries also provide, on Defendant Renesas' behalf, marketing

and technical support services for the Accused Products from their facilities in the United States.

For example, REA helps maintain a website that advertises the Accused Products, including

identifying the applications for which they can be used and providing related specifications. *See,

e.g.*, https://www.renesas.com/us/en/. The referenced website also contains user manuals, product

documentation, and other materials related to Defendant Renesas' products. For example, the

website includes: (i) reference designs spanning analog products, power management products,

and microprocessor and microcontrollers[2], (ii) complimentary design review services such as

EDA schematic symbols, PCB footprints, and simulation models in industry-standard formats to

help shorten development time[3]; (iii) robust customer support through REA's online support

---

[2] https://www.renesas.com/us/en/products/software-tools/boards-and-kits/reference-designs.html
[3] https://www.renesas.com/us/en/support/technical-resources/eda-data.html

platforms including REA's Synergy Platform[4]); and (iv) REA's Knowledgebase[5]. Thus, Defendant Renesas' U.S.-based sales subsidiaries, including REA, conduct infringing activities on Defendant Renesas' behalf.

18.     On information and belief, because Defendant Renesas' U.S.-based sales subsidiaries are authorized by Defendant Renesas to import, distribute, offer to sell, and sell Accused Products and/or to perform the fundamental technologies covered by the Asserted Patents, Defendant Renesas' U.S.-based sales subsidiaries' corporate presences in the United States give Defendant Renesas substantially the same business advantages it would enjoy if it conducted its business through its own offices and personnel.

19.     In addition, Defendant Renesas has knowingly induced, and continues to knowingly induce, infringement within this District by advertising, marketing, offering for sale and/or selling Accused Products (such as semiconductors, integrated circuits, MCUs, MPUs, and SoCs) that incorporate the fundamental technologies covered by the Asserted Patents. Such advertising, marketing, offering for sale and/or selling of Accused Products is directed to manufacturers, integrators, suppliers, distributors, resellers, partners, consumers, customers, and/or end users, and this includes providing instructions, user manuals, advertising, and/or marketing materials facilitating, directing and encouraging use of infringing functionality with Defendant Renesas' knowledge thereof.

20.     Defendant Renesas has, thus, in the multitude of ways described above, availed itself of the benefits and privileges of conducting business in this State and willingly subjected itself to the exercise of this Court's personal jurisdiction. Indeed, Defendant Renesas has

---

[4] https://www.renesas.com/us/en/support/contact.html
[5] https://en-support.renesas.com/knowledgebase

sufficient minimum contacts with this forum through its transaction of substantial business in this State and this District and its commission of acts of patent infringement as alleged in this Complaint that are purposefully directed towards this State and District.

21.    Alternatively, the Court maintains personal jurisdiction over Defendant Renesas under Federal Rule of Civil Procedure 4(k)(2).

22.    Upon information and belief, the Defendant has sufficient minimum contacts with the forum because Defendant transacts substantial business in the State of Texas and in this Judicial District. Further, the Defendant has, directly or through subsidiaries or intermediaries, committed and continues to commit acts of patent infringement in the State of Texas, and places its products and/or services, including those accused herein of infringement, into the stream of commerce which terminate in the Judicial District of the Eastern District of Texas, as alleged more particularly below. For example, upon information and belief, the Accused Products are available for purchase in this Judicial District. For further example, Defendant sells its products, either directly or through intermediaries, to customers, such as auto manufacturers, who use, sell, or offer for sale the Accused Products in this Judicial District. By way of further example, Defendant directly places its products into the stream of commerce in the Eastern District of Texas by allowing customers to purchase products, including the Accused Products, from its website, https://www.renesas.com/en/.[6]

23.    Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) because the Defendant is a foreign company that may be sued in any Judicial District, including the Eastern District of Texas. The Defendant is subject to personal jurisdiction in this Judicial

---

[6] *See also, e.g.*, https://www.renesas.com/en/products/microcontrollers-microprocessors/rz-mpus; https://www.renesas.com/en/products/automotive-products/automotive-system-chips-socs

District and has committed acts of patent infringement in this Judicial District. On information

and belief, the Defendant through its own acts and/or through its subsidiaries, makes, uses, sells,

and/or offers to sell infringing products within this Judicial District, regularly does and solicits

business in this Judicial District, and has the requisite minimum contacts with the Judicial

District, such that this venue is a fair and reasonable one.

## THE ASSERTED PATENTS

24.     Plaintiff Signal owns the entire right, title, and interest in and to each of the

Asserted Patents, including the right to recover damages for past, present, and future

infringement of the Asserted Patents.

25.     The '459 Patent is titled "Controlling on-die termination in a dynamic random

access memory device" and was lawfully issued on December 17, 2013, as U.S. Patent No.

8,610,459, stemming from U.S. Patent Application 13/480,298, which was filed on May 24,

2012. A true and correct copy of the '459 Patent is available at https://image-

ppubs.uspto.gov/dirsearch-public/print/downloadPdf/8610459.

26.     The '962 Patent is titled "On-die termination of address and command signals"

and was lawfully issued on February 3, 2015, as U.S. Patent No. 8,947,962, stemming from U.S.

Patent Application 14/088,277, which was filed on November 22, 2013. A true and correct copy

of the '962 Patent is available at https://image-ppubs.uspto.gov/dirsearch-

public/print/downloadPdf/8947962.

27.     The '352 Patent is titled "Memory controller with write data error detection and

remediation" and was lawfully issued on July 28, 2015, as U.S. Patent No. 9,092,352, stemming

from U.S. Patent Application 14/175,955, which was filed on February 7, 2014. A true and

correct copy of the '352 Patent is available at https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/9092352.

28.    The '902 Patent is titled "On-die termination control" and was lawfully issued on August 21, 2018, as U.S. Patent No. 10,056,902, stemming from U.S. Patent Application 15/581,480, which was filed on April 28, 2017. A true and correct copy of the '902 Patent is available at https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/10056902.

29.    The '439 Patent is titled "On-die termination of address and command signals" and was lawfully issued on October 30, 2018, as U.S. Patent No. 10,115,439, stemming from U.S. Patent Application 15/665,304, which was filed on July 31, 2017. A true and correct copy of the '439 Patent is available at https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/10115439.

30.    To the extent necessary, Plaintiff Signal complied with the requirements of 35 U.S.C. § 287, such that it may recover pre-suit damages. On information and belief, Signal's predecessor-in-interest, Rambus, also complied with the requirements of 35 U.S.C. § 287, such that Signal may recover pre-suit damages. On information and belief, Renesas was notified of its infringement of the Asserted Patents in writing no later than on or about June 4, 2021, and continued, to the present day, to infringe thereafter.

## THE ACCUSED PRODUCTS

31.    Defendant manufactures, uses, sells, offers for sale, and/or imports various products that incorporate memory controller integrated circuits supporting one or more double data rate ("DDR") memory standards (the "Accused Products"). For clarity and efficiency, the Accused Products are listed in six sub-categories based on the particular DDR memory standard(s) supported by each Accused Product, as further described below.

32.    The Accused Products for each Asserted Patent (*e.g.*, the "'459 Accused Products") include all or a subset of the Accused Products, based on the DDR memory standard(s) to which each asserted claim of each Asserted Patent relates, as defined in each Asserted Patent's respective Exhibit(s).

33.    The name used to identify each Renesas Accused Product refers to a product family and includes all variants and sub-categories of the named Accused Product. For example, the Renesas "R-Car H3N" includes at least the R-Car H3N, H3Ne, H3Ne-1.7G, and all past, present, and future variations thereof which would also infringe the relevant Asserted Patents.

34.    The Accused Products include, but are not limited to, the following Renesas products[7]:

| Accused Products Table | | | | | |
|---|---|---|---|---|---|
| DDR3 Accused Products | DDR3L Accused Products | DDR4 Accused Products | LPDDR4 Accused Products | LPDDR4X Accused Products | LPDDR5/5X Accused Products |
| RZ/G1E | R-Car E3 | RZ/A3UL | R-Car H3 | R-Car S4 | R-Car V4H |
| RZ/G1H | R-Car V3M | RZ/Five | R-Car H3N | R-Car S4N | R-Car V4M |
| RZ/G1M | RZ/A3M | RZ/G2L | R-Car M3 | R-Car V4M | R-Car X5H |
| RZ/N1D | RZ/A3UL | RZ/G2LC | R-Car M3N | RZ/G3E | |
| R-Car D3 | RZ/Five | RZ/G2UL | R-Car V3H | RZ/V2H | |
| | RZ/G1N | RZ/G3S | R-Car V4H | RZ/V2N | |
| | RZ/G2E | RZ/V2L | RZ/G2H | | |
| | RZ/G2L | | RZ/G2M | | |
| | RZ/G2LC | | RZ/G2N | | |
| | RZ/G2UL | | RZ/G3E | | |
| | RZ/V2L | | RZ/G3S | | |
| | R-Car D3 | | RZ/N2H | | |
| | | | RZ/T2H | | |
| | | | RZ/V2H | | |
| | | | RZ/V2M | | |
| | | | RZ/V2MA | | |
| | | | RZ/V2N | | |

---

[7] An Accused Product may appear in more than one list.

## <u>COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,610,459</u>

35.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

36.    Signal owns all rights, title, and interest in the '459 Patent including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

37.    Defendant Renesas has and continues to directly and/or indirectly infringe (by inducing infringement) one or more claims of the '459 Patent in this District and elsewhere in Texas and the United States by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import. On information and belief, and as further set forth in **Exhibit 1** to this complaint, which is incorporated here by reference, Defendant makes, uses, offers for sale, sells, and/or imports certain products (the "'459 Accused Products") that directly infringe each and every limitation of at least Claim 1 of the '459 Patent.

*Direct Infringement (35 U.S.C. § 271(a))*

38.    Defendant Renesas has directly infringed and continues to directly infringe one or more claims of the '459 Patent in this District and elsewhere in Texas and the United States.

39.    Defendant Renesas has directly infringed and continues to directly infringe, either by itself or via its agent(s), at least as illustrated in **Exhibit 1** to this complaint under 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing the '459 Accused Products.[8] Furthermore, Defendant Renesas makes and sells the '459 Accused Products outside of the United States and either delivers those products to its customers, distributors, and/or subsidiaries

---

[8] Throughout this Complaint, wherever Plaintiff identifies specific claims of the Asserted Patents infringed by Defendant, Plaintiff expressly reserves the right to identify additional claims and products in its infringement contentions in accordance with applicable local rules and the Court's case management orders. Specifically identified claims throughout this Complaint are provided for notice pleading only.

in the United States, or, in the case that it delivers the '459 Accused Products outside of the United States, it does so intending and/or knowing that those products are destined for the United States and/or designed and designated for sale in the United States, thereby directly infringing the '459 Patent. *See, e.g., Lake Cherokee Hard Drive Techs., L.L.C. v. Marvell Semiconductor, Inc.*, 964 F. Supp. 2d 653, 658 (E.D. Tex. 2013). Furthermore, Defendant Renesas directly infringes the '459 Patent through its direct involvements in, and control of, the activities of its subsidiaries, including REA. Subject to Defendant Renesas' direction and control, such subsidiaries conduct activities that constitute direct infringement of the '459 Patent under 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing '459 Accused Products. Defendant Renesas receives direct financial benefit from such infringements of its U.S.-based sales subsidiaries, including REA.

***Indirect Infringement (35 U.S.C. § 271(b))***

40.     In addition and/or in the alternative to its direct infringements, Defendant Renesas has indirectly infringed and continues to indirectly infringe one or more claims of the '459 Patent by knowingly and intentionally inducing others, including its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers, to directly infringe by making, using, offering to sell, selling and/or importing into the United States the '459 Accused Products.

41.     At a minimum, Renesas has knowledge of the '459 Patent since being served with this Complaint. Further, since at least June 24, 2021, Defendant Renesas also has had knowledge of the '459 Patent. Since receiving notice of its infringements, Defendant Renesas has actively induced the direct infringements of its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers as set forth under U.S.C. § 271(b). Such

inducements have been committed with the knowledge, or with willful blindness to the fact, that the acts induced constitute infringement of the '459 Patent. Indeed, Defendant Renesas has intended to cause, continues to intend to cause, and has taken, and continues to take affirmative steps to induce infringement by, among other things, creating and disseminating advertisements and instructive materials that promote the infringing use of the '459 Accused Products[9]; creating and/or maintaining established distribution channels for the '459 Accused Products into and within the United States[10]; manufacturing the '459 Accused Products in conformity with U.S. laws and regulations; distributing or making available videos, training, tools and resources supporting use of the '459 Accused Products that promote their features, specifications, and applications[11]; providing technical documentation and tools for the '459 Accused Products, including white papers, brochures, and manuals[12]; promoting the incorporation of the '459 Accused Products into end-user products through the development of Defendant Renesas' Partner programs[13]; and by providing technical support and/or related services for these products to purchasers in the United States through Defendant Renesas' online support platforms including the Renesas Engineering Community forum further explaining how to use Defendant Renesas' products[14].

---

[9]  *See, e.g.*, https://www.renesas.com/en/products/r-car-v4h?tab=documentation; https://www.renesas.com/en/products/rz-v2l?tab=documentation

[10] *See, e.g.*, https://www.renesas.com/en/sample-buy/locations?country=USA

[11] *See, e.g.*, https://www.renesas.com/en/products/rz-v2l?tab=videos

[12] *See, e.g.*, https://www.renesas.com/en/products/rz-v2l?tab=software-tools

[13] *See, e.g.*, https://www.renesas.com/en/products/microcontrollers-microprocessors/renesas-ready-partner-network

[14] *See, e.g.*, https://community.renesas.com/

42.    The '459 Accused Products satisfy all claim limitations of at least Claim 1 of the '459 Patent. A claim chart comparing independent Claim 1 of the '459 Patent to Defendant's infringing activity is attached as **Exhibit 1**.

43.    By making, using, offering for sale, selling and/or importing into the United States the '459 Accused Products, Defendant has injured Signal and is liable for infringement of at least Claim 1 of the '459 Patent pursuant to 35 U.S.C. § 271.

*Damages*

44.    On information and belief, despite having knowledge of the '459 Patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '459 Patent, Defendant Renesas has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Defendant Renesas' infringing activities relative to the '459 Patent have been, and continue to be, knowing, willful, deliberate, in conscious disregard of the patent rights of the Asserted Patents, and an egregious case of misconduct beyond typical infringement such that Signal is entitled to enhanced damages under 35 U.S.C. § 284 up to three times the amount found or assessed together with interest, costs, and attorneys' fees, to the extent permitted by law.

45.    As a result of Defendant's infringing conduct described in this Count, Signal is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with pre- and post-judgment interest and costs as fixed by the Court.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 8,947,962

46.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

47.     Signal owns all rights, title, and interest in the '962 Patent including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

48.     Defendant Renesas has and continues to directly and/or indirectly infringe (by inducing infringement) one or more claims of the '962 Patent in this District and elsewhere in Texas and the United States by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import. On information and belief, and as further set forth in **Exhibit 2** to this complaint, which is incorporated here by reference, Defendant makes, uses, offers for sale, sells, and/or imports certain products (the "'962 Accused Products") that directly infringe each and every limitation of at least Claim 1 of the '962 Patent.

*Direct Infringement (35 U.S.C. § 271(a))*

49.     Defendant Renesas has directly infringed and continues to directly infringe one or more claims of the '962 Patent in this District and elsewhere in Texas and the United States.

50.     Defendant Renesas has directly infringed and continues to directly infringe, either by itself or via its agent(s), at least as illustrated in **Exhibit 2** to this complaint under 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing the '962 Accused Products. Furthermore, Defendant Renesas makes and sells the '962 Accused Products outside of the United States and either delivers those products to its customers, distributors, and/or subsidiaries in the United States, or, in the case that it delivers the '962 Accused Products outside of the United States, it does so intending and/or knowing that those products are destined for the United States and/or designed and designated for sale in the United States, thereby directly infringing the '962 Patent. *See, e.g., Lake Cherokee Hard Drive Techs., L.L.C. v. Marvell Semiconductor, Inc.*, 964 F. Supp. 2d 653, 658 (E.D. Tex. 2013). Furthermore, Defendant Renesas directly infringes the '962 Patent through its direct involvements in, and control of, the activities of its

subsidiaries, including REA. Subject to Defendant Renesas' direction and control, such subsidiaries conduct activities that constitute direct infringement of the '962 Patent under 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing '962 Accused Products. Defendant Renesas receives direct financial benefit from such infringements of its U.S.-based sales subsidiaries, including REA.

***Indirect Infringement (35 U.S.C. § 271(b))***

51.    In addition and/or in the alternative to its direct infringements, Defendant Renesas has indirectly infringed and continues to indirectly infringe one or more claims of the '962 Patent by knowingly and intentionally inducing others, including its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers, to directly infringe by making, using, offering to sell, selling and/or importing into the United States the '962 Accused Products.

52.    At a minimum, Renesas has knowledge of the '962 Patent since being served with this Complaint. Further, since at least June 24, 2021, Defendant Renesas also has had knowledge of the '962 Patent. Since receiving notice of its infringements, Defendant Renesas has actively induced the direct infringements of its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers as set forth under U.S.C. § 271(b). Such inducements have been committed with the knowledge, or with willful blindness to the fact, that the acts induced constitute infringement of the '962 Patent. Indeed, Defendant Renesas has intended to cause, continues to intend to cause, and has taken, and continues to take affirmative steps to induce infringement by, among other things, creating and disseminating advertisements and instructive materials that promote the infringing use of the '962 Accused Products[15]; creating

---

[15] *See, e.g.*, https://www.renesas.com/en/products/r-car-v4h?tab=documentation

and/or maintaining established distribution channels for the '962 Accused Products into and within the United States[16]; manufacturing the '962 Accused Products in conformity with U.S. laws and regulations; distributing or making available videos, training, tools and resources supporting use of the '962 Accused Products that promote their features, specifications, and applications[17]; providing technical documentation and tools for the '962 Accused Products, including white papers, brochures, and manuals[18]; promoting the incorporation of the '962 Accused Products into end-user products through the development of Defendant Renesas' Partner programs[19]; and by providing technical support and/or related services for these products to purchasers in the United States through Defendant Renesas' online support platforms including the Renesas Engineering Community forum further explaining how to use Defendant Renesas' products[20].

53.     The '962 Accused Products satisfy all claim limitations of at least Claim 1 of the '962 Patent. A claim chart comparing independent Claim 1 of the '962 Patent to Defendant's infringing activity is attached as **Exhibit 2**.

54.     By making, using, offering for sale, selling and/or importing into the United States the '962 Accused Products, Defendant has injured Signal and is liable for infringement of at least Claim 1 of the '962 Patent pursuant to 35 U.S.C. § 271.

---

[16]  *See, e.g.*, https://www.renesas.com/en/sample-buy/locations?country=USA
[17]  *See, e.g.*, https://www.renesas.com/en/products/r-car-v4h?tab=videos
[18]  *See, e.g.*, https://www.renesas.com/en/products/r-car-v4h?tab=software-tools
[19]  *See, e.g.*, https://www.renesas.com/en/products/microcontrollers-microprocessors/renesas-ready-partner-network
[20]  *See, e.g.*, https://community.renesas.com/

*Damages*

55.    On information and belief, despite having knowledge of the '962 Patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '962 Patent, Defendant Renesas has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Defendant Renesas' infringing activities relative to the '962 Patent have been, and continue to be, knowing, willful, deliberate, in conscious disregard of the patent rights of the Asserted Patents, and an egregious case of misconduct beyond typical infringement such that Signal is entitled to enhanced damages under 35 U.S.C. § 284 up to three times the amount found or assessed together with interest, costs, and attorneys' fees, to the extent permitted by law.

56.    As a result of Defendant's infringing conduct described in this Count, Signal is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with pre- and post-judgment interest and costs as fixed by the Court.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 9,092,352

57.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

58.    Signal owns all rights, title, and interest in the '352 Patent including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

59.    Defendant Renesas has and continues to directly and/or indirectly infringe (by inducing infringement) one or more claims of the '352 Patent in this District and elsewhere in Texas and the United States by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import. On information and belief,

and as further set forth in **Exhibit 3** to this complaint, which is incorporated here by reference, Defendant makes, uses, offers for sale, sells, and/or imports certain products (the "'352 Accused Products") that directly infringe each and every limitation of at least Claim 1 of the '352 Patent.

*Direct Infringement (35 U.S.C. § 271(a))*

60.    Defendant Renesas has directly infringed and continues to directly infringe one or more claims of the '352 Patent in this District and elsewhere in Texas and the United States.

61.    Defendant Renesas has directly infringed and continues to directly infringe, either by itself or via its agent(s), at least as illustrated in **Exhibit 3** to this complaint under 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing the '352 Accused Products. Furthermore, Defendant Renesas makes and sells the '352 Accused Products outside of the United States and either delivers those products to its customers, distributors, and/or subsidiaries in the United States, or, in the case that it delivers the '352 Accused Products outside of the United States, it does so intending and/or knowing that those products are destined for the United States and/or designed and designated for sale in the United States, thereby directly infringing the '352 Patent. *See, e.g., Lake Cherokee Hard Drive Techs., L.L.C. v. Marvell Semiconductor, Inc.*, 964 F. Supp. 2d 653, 658 (E.D. Tex. 2013). Furthermore, Defendant Renesas directly infringes the '352 Patent through its direct involvements in, and control of, the activities of its subsidiaries, including REA. Subject to Defendant Renesas' direction and control, such subsidiaries conduct activities that constitute direct infringement of the '352 Patent under 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing '352 Accused Products. Defendant Renesas receives direct financial benefit from such infringements of its U.S.-based sales subsidiaries, including REA.

*Indirect Infringement (35 U.S.C. § 271(b))*

62.     In addition and/or in the alternative to its direct infringements, Defendant Renesas has indirectly infringed and continues to indirectly infringe one or more claims of the '352 Patent by knowingly and intentionally inducing others, including its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers, to directly infringe by making, using, offering to sell, selling and/or importing into the United States the '352 Accused Products.

63.     At a minimum, Renesas has knowledge of the '352 Patent since being served with this Complaint. Further, since at least June 24, 2021, Defendant Renesas also has had knowledge of the '352 Patent. Since receiving notice of its infringements, Defendant Renesas has actively induced the direct infringements of its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers as set forth under U.S.C. § 271(b). Such inducements have been committed with the knowledge, or with willful blindness to the fact, that the acts induced constitute infringement of the '352 Patent. Indeed, Defendant Renesas has intended to cause, continues to intend to cause, and has taken, and continues to take affirmative steps to induce infringement by, among other things, creating and disseminating advertisements and instructive materials that promote the infringing use of the '352 Accused Products[21]; creating and/or maintaining established distribution channels for the '352 Accused Products into and within the United States[22]; manufacturing the '352 Accused Products in conformity with U.S. laws and regulations; distributing or making available videos, training, tools and resources supporting use of the '352 Accused Products that promote their features, specifications, and

---

[21] *See, e.g.*, https://www.renesas.com/en/products/rz-v2l?tab=documentation
[22] *See, e.g.*, https://www.renesas.com/en/sample-buy/locations?country=USA

applications[23]; providing technical documentation and tools for the '352 Accused Products, including white papers, brochures, and manuals[24]; promoting the incorporation of the '352 Accused Products into end-user products through the development of Defendant Renesas' Partner programs[25]; and by providing technical support and/or related services for these products to purchasers in the United States through Defendant Renesas' online support platforms including the Renesas Engineering Community forum further explaining how to use Defendant Renesas' products[26].

64.    The '352 Accused Products satisfy all claim limitations of at least Claim 1 of the '352 Patent. A claim chart comparing independent Claim 1 of the '352 Patent to Defendant's infringing activity is attached as **Exhibit 3**.

65.    By making, using, offering for sale, selling and/or importing into the United States the '352 Accused Products, Defendant has injured Signal and is liable for infringement of at least Claim 1 of the '352 Patent pursuant to 35 U.S.C. § 271.

*Damages*

66.    On information and belief, despite having knowledge of the '352 Patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '352 Patent, Defendant Renesas has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Defendant Renesas' infringing activities relative to the '352 Patent have been, and continue to be, knowing, willful, deliberate, in conscious disregard of the patent rights of the Asserted Patents, and an egregious case of misconduct

---

[23] *See, e.g.*, https://www.renesas.com/en/products/rz-v2l?tab=videos
[24] *See, e.g.*, https://www.renesas.com/en/products/rz-v2l?tab=software-tools
[25] *See, e.g.*, https://www.renesas.com/en/products/microcontrollers-microprocessors/renesas-ready-partner-network
[26] *See, e.g.*, https://community.renesas.com/

beyond typical infringement such that Signal is entitled to enhanced damages under 35 U.S.C. § 284 up to three times the amount found or assessed together with interest, costs, and attorneys' fees, to the extent permitted by law.

67.    As a result of Defendant's infringing conduct described in this Count, Signal is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with pre- and post-judgment interest and costs as fixed by the Court.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 10,056,902

68.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

69.    Signal owns all rights, title, and interest in the '902 Patent including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

70.    Defendant Renesas has and continues to directly and/or indirectly infringe (by inducing infringement) one or more claims of the '902 Patent in this District and elsewhere in Texas and the United States by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import. On information and belief, and as further set forth in **Exhibit 4** to this complaint, which is incorporated here by reference, Defendant makes, uses, offers for sale, sells, and/or imports certain products (the "'902 Accused Products") that directly infringe each and every limitation of at least Claim 1 of the '902 Patent.

*Direct Infringement (35 U.S.C. § 271(a))*

71.    Defendant Renesas has directly infringed and continues to directly infringe one or more claims of the '902 Patent in this District and elsewhere in Texas and the United States.

72.    Defendant Renesas has directly infringed and continues to directly infringe, either by itself or via its agent(s), at least as illustrated in **Exhibit 4** to this complaint under 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing the '902 Accused Products. Furthermore, Defendant Renesas makes and sells the '902 Accused Products outside of the United States and either delivers those products to its customers, distributors, and/or subsidiaries in the United States, or, in the case that it delivers the '902 Accused Products outside of the United States, it does so intending and/or knowing that those products are destined for the United States and/or designed and designated for sale in the United States, thereby directly infringing the '902 Patent. *See, e.g., Lake Cherokee Hard Drive Techs., L.L.C. v. Marvell Semiconductor, Inc.*, 964 F. Supp. 2d 653, 658 (E.D. Tex. 2013). Furthermore, Defendant Renesas directly infringes the '902 Patent through its direct involvements in, and control of, the activities of its subsidiaries, including REA. Subject to Defendant Renesas' direction and control, such subsidiaries conduct activities that constitute direct infringement of the '902 Patent under 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing '902 Accused Products. Defendant Renesas receives direct financial benefit from such infringements of its U.S.-based sales subsidiaries, including REA.

*Indirect Infringement (35 U.S.C. § 271(b))*

73.    In addition and/or in the alternative to its direct infringements, Defendant Renesas has indirectly infringed and continues to indirectly infringe one or more claims of the '902 Patent by knowingly and intentionally inducing others, including its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers, to directly infringe by making, using, offering to sell, selling and/or importing into the United States the '902 Accused Products.

74.    At a minimum, Renesas has knowledge of the '902 Patent since being served with this Complaint. Further, since at least June 24, 2021, Defendant Renesas also has had knowledge of the '902 Patent. Since receiving notice of its infringements, Defendant Renesas has actively induced the direct infringements of its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers as set forth under U.S.C. § 271(b). Such inducements have been committed with the knowledge, or with willful blindness to the fact, that the acts induced constitute infringement of the '902 Patent. Indeed, Defendant Renesas has intended to cause, continues to intend to cause, and has taken, and continues to take affirmative steps to induce infringement by, among other things, creating and disseminating advertisements and instructive materials that promote the infringing use of the '902 Accused Products[27]; creating and/or maintaining established distribution channels for the '902 Accused Products into and within the United States[28]; manufacturing the '902 Accused Products in conformity with U.S. laws and regulations; distributing or making available videos, training, tools and resources supporting use of the '902 Accused Products that promote their features, specifications, and applications[29]; providing technical documentation and tools for the '902 Accused Products, including white papers, brochures, and manuals[30]; promoting the incorporation of the '902 Accused Products into end-user products through the development of Defendant Renesas' Partner programs[31]; and by providing technical support and/or related services for these products to purchasers in the United States through Defendant Renesas' online support platforms

---

[27] *See, e.g.*, https://www.renesas.com/en/products/r-car-v4h?tab=documentation; https://www.renesas.com/en/products/rz-v2l?tab=documentation
[28] *See, e.g.*, https://www.renesas.com/en/sample-buy/locations?country=USA
[29] *See, e.g.*, https://www.renesas.com/en/products/rz-v2l?tab=videos
[30] *See, e.g.*, https://www.renesas.com/en/products/rz-v2l?tab=software-tools
[31] *See, e.g.*, https://www.renesas.com/en/products/microcontrollers-microprocessors/renesas-ready-partner-network

including the Renesas Engineering Community forum further explaining how to use Defendant Renesas' products[32].

75.    The '902 Accused Products satisfy all claim limitations of at least Claim 1 of the '902 Patent. A claim chart comparing independent Claim 1 of the '902 Patent to Defendant's infringing activity is attached as **Exhibit 4**.

76.    By making, using, offering for sale, selling and/or importing into the United States the '902 Accused Products, Defendant has injured Signal and is liable for infringement of at least Claim 1 of the '902 Patent pursuant to 35 U.S.C. § 271.

***Damages***

77.    On information and belief, despite having knowledge of the '902 Patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '902 Patent, Defendant Renesas has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Defendant Renesas' infringing activities relative to the '902 Patent have been, and continue to be, knowing, willful, deliberate, in conscious disregard of the patent rights of the Asserted Patents, and an egregious case of misconduct beyond typical infringement such that Signal is entitled to enhanced damages under 35 U.S.C. § 284 up to three times the amount found or assessed together with interest, costs, and attorneys' fees, to the extent permitted by law.

78.    As a result of Defendant's infringing conduct described in this Count, Signal is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with pre- and post-judgment interest and costs as fixed by the Court.

---

[32] *See, e.g.*, https://community.renesas.com/

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 10,115,439

79.      Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

80.      Signal owns all rights, title, and interest in the '439 Patent including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

81.      Defendant Renesas has and continues to directly and/or indirectly infringe (by inducing infringement) one or more claims of the '439 Patent in this District and elsewhere in Texas and the United States by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import. On information and belief, and as further set forth in **Exhibit 5** to this complaint, which is incorporated here by reference, Defendant makes, uses, offers for sale, sells, and/or imports certain products (the "'439 Accused Products") that directly infringe each and every limitation of at least Claim 1 of the '439 Patent.

*Direct Infringement (35 U.S.C. § 271(a))*

82.      Defendant Renesas has directly infringed and continues to directly infringe one or more claims of the '439 Patent in this District and elsewhere in Texas and the United States.

83.      Defendant Renesas has directly infringed and continues to directly infringe, either by itself or via its agent(s), at least as illustrated in **Exhibit 5** to this complaint under 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing the '439 Accused Products. Furthermore, Defendant Renesas makes and sells the '439 Accused Products outside of the United States and either delivers those products to its customers, distributors, and/or subsidiaries in the United States, or, in the case that it delivers the '439 Accused Products outside of the United States, it does so intending and/or knowing that those products are destined for the United States and/or designed and designated for sale in the United States, thereby directly infringing

the '439 Patent. *See, e.g., Lake Cherokee Hard Drive Techs., L.L.C. v. Marvell Semiconductor, Inc.*, 964 F. Supp. 2d 653, 658 (E.D. Tex. 2013). Furthermore, Defendant Renesas directly infringes the '439 Patent through its direct involvements in, and control of, the activities of its subsidiaries, including REA. Subject to Defendant Renesas' direction and control, such subsidiaries conduct activities that constitute direct infringement of the '439 Patent under 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing '439 Accused Products. Defendant Renesas receives direct financial benefit from such infringements of its U.S.-based sales subsidiaries, including REA.

***Indirect Infringement (35 U.S.C. § 271(b))***

84.     In addition and/or in the alternative to its direct infringements, Defendant Renesas has indirectly infringed and continues to indirectly infringe one or more claims of the '439 Patent by knowingly and intentionally inducing others, including its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers, to directly infringe by making, using, offering to sell, selling and/or importing into the United States the '439 Accused Products.

85.     At a minimum, Renesas has knowledge of the '439 Patent since being served with this Complaint. Further, since at least June 24, 2021, Defendant Renesas also has had knowledge of the '439 Patent. Since receiving notice of its infringements, Defendant Renesas has actively induced the direct infringements of its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers as set forth under U.S.C. § 271(b). Such inducements have been committed with the knowledge, or with willful blindness to the fact, that the acts induced constitute infringement of the '439 Patent. Indeed, Defendant Renesas has intended to cause, continues to intend to cause, and has taken, and continues to take affirmative

steps to induce infringement by, among other things, creating and disseminating advertisements and instructive materials that promote the infringing use of the '439 Accused Products[33]; creating and/or maintaining established distribution channels for the '439 Accused Products into and within the United States[34]; manufacturing the '439 Accused Products in conformity with U.S. laws and regulations; distributing or making available videos, training, tools and resources supporting use of the '439 Accused Products that promote their features, specifications, and applications[35]; providing technical documentation and tools for the '439 Accused Products, including white papers, brochures, and manuals[36]; promoting the incorporation of the '439 Accused Products into end-user products through the development of Defendant Renesas' Partner programs[37]; and by providing technical support and/or related services for these products to purchasers in the United States through Defendant Renesas' online support platforms including the Renesas Engineering Community forum further explaining how to use Defendant Renesas' products[38].

86.    The '439 Accused Products satisfy all claim limitations of at least Claim 1 of the '439 Patent. A claim chart comparing independent Claim 1 of the '439 Patent to Defendant's infringing activity is attached as **Exhibit 5**.

87.    By making, using, offering for sale, selling and/or importing into the United States the '439 Accused Products, Defendant has injured Signal and is liable for infringement of at least Claim 1 of the '439 Patent pursuant to 35 U.S.C. § 271.

---

[33] *See, e.g.*, https://www.renesas.com/en/products/r-car-v4h?tab=documentation
[34] *See, e.g.*, https://www.renesas.com/en/sample-buy/locations?country=USA
[35] *See, e.g.*, https://www.renesas.com/en/products/r-car-v4h?tab=videos
[36] *See, e.g.*, https://www.renesas.com/en/products/r-car-v4h?tab=software-tools
[37] *See, e.g.*, https://www.renesas.com/en/products/microcontrollers-microprocessors/renesas-ready-partner-network
[38] *See, e.g.*, https://community.renesas.com/

*Damages*

1.      On information and belief, despite having knowledge of the '439 Patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '439 Patent, Defendant Renesas has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Defendant Renesas' infringing activities relative to the '439 Patent have been, and continue to be, knowing, willful, deliberate, in conscious disregard of the patent rights of the Asserted Patents, and an egregious case of misconduct beyond typical infringement such that Signal is entitled to enhanced damages under 35 U.S.C. § 284 up to three times the amount found or assessed together with interest, costs, and attorneys' fees, to the extent permitted by law.

2.      As a result of Defendant's infringing conduct described in this Count, Signal is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with pre- and post-judgment interest and costs as fixed by the Court.

## DEMAND FOR JURY TRIAL

3.      Plaintiff Signal hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

4.      Plaintiff Signal respectfully requests that the Court find in its favor and against Defendant Renesas, and that the Court grant Plaintiff the following relief:

5.      A judgment that Defendant Renesas has infringed and is infringing one or more claims of the Asserted Patents, literally and/or under the doctrine of equivalents;

6. A judgment that one or more claims of the Asserted Patents have been willfully infringed, literally and/or under the doctrine of equivalents, by Defendant;

7. A judgment that Defendant account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein, including an accounting for any sales or damages not presented at trial;

8. A judgment that Defendant account for and pay to Plaintiff a reasonable, ongoing, post-judgment royalty because of Defendant's infringing activities, including continuing infringing activities, and other conduct complained of herein;

9. A judgment that Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

10. A judgment that this case is exceptional under the provisions of 35 U.S.C. § 285 and award enhanced damages under the provisions of 35 U.S.C. § 284; and

11. Such other and further relief as the Court deems just and equitable.

Dated: February 4, 2026                    Respectfully submitted,

                                                     /s/*Patrick J. Conroy*

                                                     Patrick J. Conroy - Lead Attorney
Texas Bar No. 24012448
Jonathan H. Rastegar
Texas Bar No. 24064043
David T. DeZern
Texas Bar No. 24059677
NELSON BUMGARDNER CONROY PC
2727 N. Harwood St., Suite 250
Dallas, Texas 75201
Tel: (214) 446-4950
pat@nelbum.com
jon@nelbum.com
david@nelbum.com

David A. Gerasimow
Texas Bar No. 24134024
Colin J. Stalter
Illinois Bar No. 6333401
(*pro hac vice* forthcoming)
THE LAW OFFICES OF DAVID A. GERASIMOW, P.C.
701 Commerce St., Suite 611
Dallas, Texas 75202
Tel: (312) 620-4442
dave@gerasimowlaw.com
colin@gerasimowlaw.com

Attorneys for Plaintiff
Signal, LLP